# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE
## November 19, 2010 Session

## AVIE ALEANE HARDING ET AL. v. DONOVAN ENTERPRISES, INC. D/B/A CAPTAIN VIDEO & TANNING

### Appeal from the Circuit Court for Sumner County
### No. 31350-C    C. L. Rogers, Judge

### No. M2010-01372-COA-R3-CV - Filed February 28, 2011

A patron of a tanning salon and her husband filed this action seeking to recover damages for injuries the patron sustained when the lid of a tanning bed fell on her head as she was attempting to exit the tanning bed. The plaintiffs allege that the owner and operator of the tanning salon acted negligently by failing to properly maintain or inspect the tanning bed she used, which caused the lid of the tanning bed to become too heavy for the patron to lift and safely exit, and by failing to have a way for a patron to call for help from within the tanning room in the event of an emergency. The trial court summarily dismissed the complaint finding, *inter alia*, the plaintiffs cannot demonstrate essential elements of a prima facie case, specifically that a defective condition existed or that the defendants had actual or constructive notice of any alleged defective or dangerous condition of the premises. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

James Bryan Moseley, Nashville, Tennessee, for the appellants, Avie Aleane Harding and Terry Lee Harding.

William L. Moore, Jr., Gallatin, Tennessee, for the appellee, Donovan Enterprises, Inc., d/b/a Captain Video & Tanning.

# MEMORANDUM OPINION[1]

Avie Aleane Harding, a patron of a business operating under the name Captain Video & Tanning, asserts that she was injured when she was unable to lift the lid of a tanning bed after completing a tanning session on April 15, 2007. She further asserts that her attempts to call for help from Captain Tanning employees were unsuccessful. Mrs. Harding's sister, who also was tanning that day, called an ambulance and Mrs. Harding was then transported by ambulance to Sumner Regional Hospital.

On April 10, 2008, Mrs. Harding and her husband, Terry Lee Harding ("Plaintiffs"), filed this action against Donovan Enterprises, Inc., doing business as Captain Video & Tanning ("Defendant"). In their Complaint, they alleged that Defendant created an unreasonably dangerous condition on its premises, of which Defendant's employees were or should have been aware, but which they failed to correct. Specifically, Plaintiffs alleged:

1. Defendant breached its duty to exercise reasonable care by failing to provide a safe tanning bed and failing to properly maintain the tanning bed;
2. Defendant failed to provide a reasonably safe place to tan in that it provided no meaningful way for her to call for assistance and, because the tanning room's door was locked from the inside, provided no reasonable way for persons outside the room to come to her assistance; and
3. Defendant knew or should have known of the dangerous conditions.

Plaintiffs sought $160,000 in damages for medical expenses, loss of earning capacity, and pain and suffering for Mrs. Harding and loss of consortium for Mr. Harding.

Defendant filed an Answer denying all liability. Following discovery, Defendant moved for summary judgment. After a hearing on the motion, the trial court granted Defendant's motion, making the following findings of fact and conclusions of law:

---

[1]Tenn. Ct. App. R. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

1.  Plaintiffs failed to demonstrate that the Defendant had actual or constructive knowledge of any alleged defect or dangerous condition of the tanning bed.
2.  Plaintiffs failed to demonstrate any evidence that any dangerous or defective condition existed. Plaintiffs had no facts of any defect or dangerous condition of the tanning bed. The testimony that the tanning bed lid was heavy, that "as I crawled out, the lid hit my head" is no support. A mere injury does not support an owner's liability.
3.  In the alternative, Plaintiffs failed to present any evidence that Defendant had actual or constructive notice of the presence of any defect dangerous condition.
4.  Defendant's motion is properly supported – the plaintiffs cannot demonstrate an essential element of a prima facie case, specifically in this matter of defective condition and actual or constructive notice of any alleged defective or dangerous condition of the premises.

Plaintiffs appeal the summary dismissal of their claims. The issues they present on appeal are:

1.  Whether the trial court erred in finding there was no evidence that an unsafe or dangerous condition existed.
2.  Whether the trial court erred in finding that there was no evidence that the defendant had actual or constructive notice of the unsafe or dangerous condition.
3.  Whether the trial court erred in finding that the defendant negated an essential element of the plaintiffs' prima facie case.

It is well settled in Tennessee that in order for the owner or operator of a premises to be held liable for negligence in allowing a dangerous condition to exist on the premises, in addition to the elements of negligence, the plaintiff must prove, "1) the condition was caused or created by the owner, operator, or his agent, or 2) if the condition was created by someone other than the owner, operator, or his agent, that the operator had actual or constructive notice that the condition existed prior to the accident." *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004). Constructive notice can be established by proof that "the dangerous or defective condition existed for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of the condition." *Id.* Plaintiffs may also prove constructive notice by showing "a pattern of conduct, a recurring incident, or a general or continuing condition indicating the dangerous condition's existence." *Id.* at 765-66.

Plaintiffs do not contend that Defendant designed or manufactured the tanning beds at Captain Video & Tanning. Moreover, no evidence was introduced to suggest that Defendant, its agents or employees caused or created the condition at issue. Thus, the only issue is whether Defendant had actual knowledge or constructive notice that the alleged dangerous condition existed prior to Mrs. Harding's injury.

After reviewing the record, we find no evidence upon which to base even an inference that Defendant, its agents or employees had actual or constructive knowledge or notice of any defect with the tanning beds prior to the incident at issue. To the contrary, the only competent evidence on this issue is found in the affidavits of the owner of Classic Video & Tanning, the District Manager, the Store Manager, and other employees, all of whom affirmatively testified that they had no personal knowledge of any problems with the tanning bed lid being too heavy, failing to property open, or falling on a patron. They also testified that the tanning beds were regularly cleaned and if a problem was detected, the bed was closed until professional repairs were made.

The proof Plaintiffs relies upon in an attempt to create a dispute of a material fact is limited to Mrs. Harding's testimony in discovery. When asked to identify the defective condition which caused her injury, she stated: "[t]he lid to the tanning bed was too heavy and I could not lift it off of me when I finished tanning." When asked upon what basis she contended her injury was caused by or due to a condition for which Defendant was responsible, she gave an almost identical reply, stating: "[t]he lid to the tanning bed I was in was too heavy and I could not lift it off of me when I was finished tanning." Plaintiffs did not present any expert witnesses or further proof to support their claims.

Having examined the record, we find, as the trial court did, that Defendant negated essential elements of Plaintiffs' claim, that Plaintiffs failed to present competent evidence of an unsafe or dangerous condition regarding the tanning bed at issue, and that Plaintiffs also failed to present competent evidence that Defendant, its agents or employees had actual or constructive knowledge of any unsafe or dangerous condition relevant to this case. Therefore, the trial court properly granted summary judgment to Defendant.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against the appellants, Avie Aleane Harding and Terry Lee Harding.

_____
FRANK G. CLEMENT, JR., JUDGE